FILED
06 AUG 28 PM 2 45

BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| DONALD S. CAPE,<br><br>       Plaintiffs,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, INC.; JAMES MacDONALD; WILLIAM BOOTHE; K. CRANE; ARAMARK INC.; K. KINYON; Ms. MENGE; Ms. STEVESON; J.R. WEISNER; and DEFENDANTS JOHN DOES 1 through 10, sued in their individual and official capacities,<br><br>       Defendants. | No. CV 03-03-GF-SEH<br><br>**ORDER** |

United States Magistrate Judge Carolyn S. Ostby entered her Findings and

Recommendation[1] on July 18, 2006.  Defendants filed objections[2] on July 31, 2006.  Plaintiff

---

[1] Docket No. 134

[2] Docket No. 136

filed objections[3] on August 7, 2006. The Court reviews *de novo* findings and recommendation to which objections are made. 28 U.S.C. § 636(b)(1).

Judge Ostby found that: (1) all the elements of res judicata are met with respect to all of Plaintiff Cape's claims against Defendants Corrections Corporation of America, Inc., MacDonald, and Boothe; (2) all of Plaintiff Cape's constitutional and conspiracy claims regarding religious exercise are collaterally estopped, except for those regarding the confiscation of Catholic materials, (see Am. Compl. at 12-13, ¶¶ 70-71 (July 1, 2005)), and the library's decision to stock "only" materials that "degrade and insult the Catholic Church and call Catholics pagans, satan worshipers and seek to convert Catholics," (id. at 16-17, ¶¶ 99-104); (3) collateral estoppel applies to Plaintiff Cape's claims against Defendant Weisner for his role in the grievance process, except as to any grievances presented to Weisner relating to confiscation of materials or the library's choice of religious material; (4) collateral estoppel does not apply to bar any of Plaintiff Cape's grievance or access-to-court claims against Defendants Menge or Crane; (5) collateral estoppel does not apply to bar Plaintiff Cape's Religious Land Use and Institutionalized Person Act claims, except for his claim regarding access to a priest, mass, communion, and confession; (6) because Plaintiff Cape has been released, declaratory relief is no longer available; (7) Plaintiff Cape lacks standing to obtain injunctive relief; (8) Plaintiff Cape's allegations against Defendants Weisner, Menge, and Crane fail to state a claim; and (9) Plaintiff Cape's claim for deprivation of access to the courts fails to state a claim.

I agree with Judge Ostby's findings and with her recommendation that: (1) Defendants Corrections Corporation of America Inc., MacDonald, Boothe, Menge, Weisner, Crane, Kinyon,

---

[3] Docket No. 139

and Stevenson's Motion for Summary Judgment should be granted in part and denied in part; (2) the following claims should be dismissed with prejudice: (a) all First Amendment, equal protection, conspiracy, and Religious Land Use and Institutionalized Person Act claims against Defendants Corrections Corporation of America Inc., MacDonald, and Boothe regarding Plaintiff Cape's ability to exercise his religion; (b) First Amendment, equal protection, and conspiracy claims against Defendants Crane, Kinyon, Menge, Stevenson, and Weisner regarding Plaintiff's Cape's ability to exercise his religion, excepting the claim regarding confiscation of Catholic materials, (see Am. Compl. at 12-13, ¶¶ 70-71 (July 1, 2005)), and the library's decision to stock "only" materials that "degrade and insult the Catholic Church and call Catholics pagans, satan worshipers and seek to convert Catholics," (id. at 16-17, ¶¶ 99-104;) (c) the Religious Land Use and Institutionalized Person Act claim for deprivation of access to a priest, mass, communion, and confession; (d) the access-to-courts claim; and (e) all claims relating to the roles of Defendants MacDonald, Boothe, Crane, and Menge in the grievance process, excepting the claim regarding Crane's alleged interception of and refusal to forward Plaintiff Cape's grievances; (3) Defendants Corrections Corporation of America Inc., MacDonald, and Boothe should be dismissed; (4) Plaintiff Cape's claim regarding Defendant Weisner's role in the grievance should be dismissed; (5) Plaintiff Cape's requests for declaratory and injunctive relief should be dismissed.

Accordingly, after *de novo* review of the record and after considering the Plaintiff's and Defendants' objections, I adopt in full the Findings and Recommendation of Judge Ostby.

ORDERED:

1. The Crossroads Defendants' motion for summary judgment is GRANTED in part and DENIED in part.

2. The following claims are DISMISSED WITH PREJUDICE:

   a. all First Amendment, equal protection, conspiracy, and Religious Land Use and Institutionalized Person Act claims against Defendants Corrections Corporation of America Inc., MacDonald, and Boothe regarding Plaintiff Cape's ability to exercise his religion;

   b. First Amendment, equal protection, and conspiracy claims against Defendants Crane, Kinyon, Menge, Stevenson, and Weisner regarding Plaintiff Cape's ability to exercise his religion, EXCEPTING the claim regarding confiscation of Catholic materials, (see Am. Compl. at 12-13, ¶¶ 70-71 (July 1, 2005)), and the library's decision to stock "only" materials that "degrade and insult the Catholic Church and call Catholics pagans, satan worshipers and seek to convert Catholics," (id. at 16-17, ¶¶ 99-104);

   c. the Religious Land Use and Institutionalized Person Act claim for deprivation of access to a priest, mass, communion, and confession;

   d. the access to courts claim; and

   e. all claims relating to the roles of Defendants MacDonald, Boothe, Crane, and Menge in the grievance process, EXCEPTING the claim regarding Crane's alleged interception of and refusal to forward Plaintiff Cape's grievances.

3. Defendants Corrections Corporation of America Inc., MacDonald, and Boothe are

DISMISSED.

4. Plaintiff Cape's claim regarding Defendant Weisner's role in the grievance is DISMISSED.

5. Plaintiff Cape's requests for declaratory and injunctive relief is DISMISSED.

DATED this 28th day of August, 2006.

SAM E. HADDON
United States District Judge